# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**NANCY BUTLER-JONES, HYWEL JONES, NELSON I. DEL TORO, MEHMET SAHIN, LINDA MEYERS and WILLIAM DAVIS,**

      **Plaintiffs,**

**-vs-**              Case No. 6:08-cv-1186-Orl-22DAB

**STERLING CASINO LINES, L.P., sextant sterling I, Inc., and JOHN BREVICK,**

      **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO CERTIFY CLASS (Doc. No. 4)** |
| **FILED:** | **July 25, 2008** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED, in part and DENIED, in part, as set forth below**.

| | |
|---|---|
| **MOTION:** | **MOTION TO CERTIFY CLASS FOR PRELIMINARY COLLECTIVE CERTIFICATION AND TO PERMIT COURT-SUPERVISED NOTICE TO EMPLOYEES OF THEIR OPT IN RIGHTS (Doc. No. 17)** |
| **FILED:** | **September 2, 2008** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED** without prejudice.

*Background*

Plaintiffs Nancy Butler-Jones, Hywel Jones, Nelson I. del Toro, Mehmet Sahin, Linda Meyers, and William Davis, (herein "Named Plaintiffs"), individually and on behalf of all other similarly situated employees, have filed a two count action against Sterling Casino Lines, L.P. ("Sterling"), Sextant Sterling, Inc. ("Sextant), and John Brevick, for alleged violations of the Worker Adjustment and Retraining Notification Act of 1988 (29 U.S.C. § 2101, *et seq.*) ("the WARN Act") and the Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*) ("FLSA"). In the instant motions, Named Plaintiffs seek to proceed via class action with respect to the WARN Act count, and collective action as to the FLSA count. The Court treats each, in turn.

*Count I - Motion to Certify Class*

Pursuant to Rule 23, Federal Rules of Civil Procedure, Named Plaintiffs move for a determination that this action be maintained as a class action with respect to the WARN claim set forth in Count I. The WARN Act provides for certain remedies if notice is not given to certain employees prior to a plant closing.[1] Named Plaintiffs seek to certify a class they define as:

> All persons who were employees of the Defendants and who were "affected employees" subject to an "employment loss", as those terms are defined under section 2101(a)(5) and (6) of the WARN Act, and as a result of Defendants' actions, were terminated effective July 7, 2008 and thereafter without the notice required by the WARN Act.

Named Plaintiffs assert that the size of the class is approximately 500 employees. They move to certify this action under Rule 23; and for an Order authorizing and facilitation notice to the class; requiring Defendants to provide identifying information regarding all potential members of the class;

---

[1] Pursuant to 29 U.S.C. § 2101(a)(2): "the term 'plant closing' means the permanent or temporary shutdown of a single site of employment, or one or more facilities or operating units within a single site of employment, if the shutdown results in an employment loss at the single site of employment during any 30-day period for 50 or more employees excluding any part-time employees."

ordering Defendants to "refrain from engaging in communications or activities that may improperly influence, mislead or discourage putative plaintiffs from joining the case;" and appointing Damien & Valori LLP as Class Counsel. For the reasons set forth herein, the Court finds the motion to be insufficient to fully resolve all questions presented and the present record to be inadequately developed, and therefore **respectfully recommends** that it be granted, to the extent class action status appears appropriate, and denied, to the extent the class is not properly defined, and there is inadequate support for the remaining relief sought. It is suggested that the Court postpone certification, pending additional filings, as set forth herein. *See* Local Rule 4.04(c).

*Appropriateness of Class Action, in general*

The WARN Act contemplates enforcement by class action. *See* 29 U.S.C. § 2104(5) ("A person seeking to enforce such liability, including a representative of employees . . . may sue either for such person or for other persons similarly situated, or both . . .") Here, the parties are in general agreement regarding the standards applicable to certify a class under Rule 23. As summarized by Defendants:

> To be certified under Rule 23(b)(3), a party must first show: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class (i.e., numerosity, commonality, typicality, and adequacy of representation). *De Leon-Granados v. Eller*, 497 F.3d 1214, 1220 (11th Cir. 2007). Additionally, the party must show that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed.R.Civ.P. 23(b)(3); *De Leon-Granados v. Eller*, 497 F.3d 1214, 1220 (11th Cir. 2007).

(Doc. No. 25).

A plaintiff bears the burden of establishing that all of the requirements for class certification under the Federal Rules have been met. *Valley Drug Co. v. Geneva Pharmaceuticals, Inc.,* 350 F.3d

1181, 1187 (11th Cir. 2003), and, in deciding whether to certify the class, a court generally must take as true the allegations in the complaint, rather than determine the merits of the claim at the class-certification stage. *Heffner v. Blue Cross & Blue Shield of Ala., Inc.*, 443 F.3d 1330, 1337 (11th Cir. 2006).

In their Response, Defendants do not contest (for the purposes of the motion) Plaintiffs' assertions of numerosity, commonality, typicality, and adequacy of representation. (Doc. No. 25 at 3-4).  Defendants do, however, object to the motion on other grounds; namely, 1) the inappropriateness of proceeding in a class action format while also proceeding on Count II as a collective action; 2) the improper class definition; 3) the failure to propose a proper notice and method of notification; and 4) the restrictions on Defendants' ability to communicate with class members. The Court rejects the first objection, but finds merit in the remaining objections.

By seeking to prosecute in one suit both an "opt out" class action based on alleged violation of a federal law and an "opt in" collective action under FLSA, Named Plaintiffs are proceeding in an unusual fashion.  This is so because the remedies offered by the FLSA are not like other causes of action, and a collective action is markedly distinct from a Rule 23 class action, in both procedure and principle.  There is no doubt that the opt-in/opt-out distinction represents "a fundamental, irreconcilable difference between the class action described by Rule 23 and that provided for by [the] FLSA." *Schmidt v. Fuller Brush Co.,* 527 F.2d 532, 536 (8th Cir. 1975).  While both actions involve a plaintiff proceeding in a representative capacity, under § 216(b), even if a plaintiff can demonstrate that other potential plaintiffs are "similarly situated" employees, the plaintiff has no independent right to represent such individuals.  *See, e.g., Cameron-Grant v. Maxim Healthcare Serv., Inc.,* 347 F.3d 1240, 1249 (11th Cir. 2003).  Instead, the potential plaintiffs must file with the district court written consent to become a party plaintiff. 29 U.S.C. § 216(b).  Unlike most Rule 23 class actions, a § 216(b)

action does not become a collective action unless another plaintiff affirmatively chooses to opt into the class. *See Cameron-Grant,* 347 F.3d at 1249. "[I]n contrast, to Rule 23 class actions, the existence of a collective action under § 216(b) does depend on the active participation of other plaintiffs." *Id.*

Because of these distinctions, the Court is not unsympathetic to Defendants' argument that, were the Court to allow both a class action and a collective action to proceed in the same suit, "the potential plaintiffs would be in the confusing position of simultaneously receiving notices from the Court asking them to opt-out of some claims and opt-in to others." (Doc. No. 25 at 4, citing *McClain v. Leona's Pizzeria*, 222 F.R.D. 574, 575 (N.D. Ill. 2004).)  That said, however, the Court finds nothing to prohibit the simultaneous pursuit of both a collective action and a class action, under the right circumstances.  Those circumstances, in general, are present here.[2]

As noted recently by one court, there is a noticeable split of authority as to whether a Rule 23 class action "may ever coexist with a 216(b) collective action." *Osby v. Citigroup, Inc.,* 2008 WL 2074102 (W.D. Mo. May 14, 2008) (slip opinion-collecting cases). Upon closer inspection, however, the majority of cases that reject so proceeding involve *state* law claims, in federal court upon a claim of supplemental jurisdiction.  In such a case, involving state law wage and hour claims, a court could well find that supplemental jurisdiction was inappropriate when the state law claim would conflict with or substantially predominate over the FLSA claim, and novel or complex issues of state law were present.  *See, e.g., DeAscencio v. Tyson Foods, Inc.,* 342 F.3d 301 (3d Cir. 2003).  Here, however, these concerns are not present.  The WARN act is a federal cause of action, and federal court jurisdiction is exclusive and appropriate. Extra care will be required in notices to potential class

---

[2] At his stage, the discussion is directed solely to whether combining a class action with a collective action is appropriate.  The Court addresses whether Plaintiffs have met the requirements for collective action *infra.*

members and opt-in plaintiffs to reduce the possibility of confusion. Likewise, additional procedures and organization may be required to keep the status of parties and claims clear as the case progresses.

That said, however, Defendants correctly note that Plaintiffs have proposed an inadequate class definition, and have failed to propose a proper notice and method of notification, and to support their request to restrict Defendants' ability to communicate with class members. Perhaps recognizing the deficiencies, Plaintiffs have recently filed a motion for leave to file a Reply to address these issues, after consultation with Defendant (Doc. Nos. 27, 28).

As the Court finds that the parties may be able to agree on these issues, in view of the above, the Court **respectfully recommends** that the instant motion be granted, to the extent class action status appears appropriate, and denied, without prejudice, to the extent the class is not properly defined, and there is inadequate support for the remaining relief sought. It is suggested that the Court postpone certification, pending conference between the parties and allowing for additional filings as to the remaining issues. *See* Local Rule 4.04(c).

### *Count II - Collective Action*

An FLSA action for unpaid overtime compensation "may be maintained against any employer ... by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). In order to maintain a collective action under § 216(b), the named plaintiff must establish that the potential plaintiffs are "similarly situated" employees. *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1217 (11th Cir. 2001).

The Eleventh Circuit Court of Appeals has "suggest[ed]" that district courts use a "two-tiered approach to certification of § 216(b) opt-in classes." *Hipp,* 252 F.3d at 1218-19. The first determination is made at the so-called "notice stage." As Judge Whittemore has summarized:

> At the notice stage, the district court makes a decision--usually based only on the pleadings and any affidavits which have been submitted--whether notice of the action should be given to potential class members. Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery.
>
> The second determination is typically precipitated by a motion for "decertification" by the defendant usually filed after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question.

*Barten v. KTK & Associates, Inc.*, 2007 WL 2176203, 1 (M.D. Fla. 2007), *citing Hipp,* 252 F.3d at 1218, and *Cameron-Grant v. Maxim Healthcare Servs., Inc.,* 347 F.3d 1240, 1243 n. 2 (11th Cir. 2003).

Thus, at the notice stage, the court must initially determine, using a lenient standard, whether: 1) there are other employees who desire to opt in to the action; and 2) the employees who desire to opt in are "similarly situated." *Dybach v. State of Fla. Dep't of Corrections*, 942 F.2d 1562, 1567-68 (11th Cir. 1991); *Cameron-Grant*, 347 F.3d at 1243 n. 2. In making this determination, it is Plaintiffs' burden to show a "reasonable basis for crediting their assertions . . ." *Haynes v. Singer Co., Inc.,* 696 F.2d 884, 887 (11th Cir. 1983). Plaintiffs must offer "detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary." *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1097 (11th Cir. 1996) (internal quotations and citation omitted).

> This burden is less stringent than that for joinder or for certification of a class action under Federal Rules of Civil Procedure 20(a) or 23, respectively [footnote omitted]. *Grayson v. K-Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996). A plaintiff need only demonstrate that his or her position is "similar, not identical" to the positions held by the potential plaintiffs. *Id.* While a plaintiff's burden is not particularly strict, "unsupported allegations that FLSA violations were widespread and that additional plaintiffs" exist are insufficient to establish that similarly situated employees exist. *Haynes v. Singer, Co., Inc*., 696 F.2d 884, 887 (11th Cir. 1983).

*Gonzales v. Hair Club for Men, Ltd.,* 2007 WL 1079291 (M.D. Fla. 2007).

Defendants assert that this case is not appropriate for collective certification pursuant to 29 U.S.C. §216(b) because (1) the proposed FLSA class is ill-defined and overly broad, (2) Plaintiffs have failed to satisfy their burden of showing that the putative FLSA class members are "similarly situated" to Plaintiffs, and (3) there are individualized defenses to the claims of a number of the Plaintiffs, opt-ins, and putative FLSA class members making a collective action inappropriate (Doc. No. 24). Plaintiffs support their proposed class definition by five Affidavits, attached to their motion.

In their motion, Plaintiffs seek to conditionally certify the following class under FLSA:

All persons who are or were tipped employees of the Defendants at any time since July 21, 2005, three years before the date the Complaint was filed, who (a) are or have been paid on a "per shift" basis plus tips, and/or (b) have worked hours that have not been compensated at the statutory federal minimum wage or have worked overtime, but not received compensation for such overtime.

Thus the class, as defined by Plaintiffs in their motion, appears to include three different categories of claimants: 1) tipped employees paid on a per shift basis, plus tips; 2) tipped employees who have worked hours that have not been compensated at the statutory federal minimum wage; and/or 3) tipped employees who have worked overtime, but have not received compensation for such overtime. The Court finds the three categories are, by their very definition, not similar. Moreover, the proposed Notice purports to define the class even more broadly, stating:

The Plaintiffs seek to sue on behalf of any and all Sterling Casino employees who are or have been employed by Sterling Casino at any time since June 18, 2005 and (a) who are of have been paid on a per-shift basis, and/or b) who have worked hours that have not been compensated at the statutory federal minimum wage or have worked overtime, but not received compensation for such overtime, at any point. (Doc. No. 17-2)

As Defendant correctly notes, this definition would include virtually all employees, including exempt employees, such as salaried executives. Such a class is overbroad as there is no showing that *all*

-8-

employees are substantially similar. In fact, the Affidavits filed by Plaintiffs and Defendant illustrate some of the differences.

The Affidavit of Darrell Alonzo indicates that he was a table games supervisor, typically working in six hour shifts and paid $110 per shift, plus tips (Doc. No. 17-4). This works out to over $18 per hour, not counting tips; an amount that is clearly over the minimum wage. This Affidavit also contradicts Plaintiffs' contention that "Plaintiffs were subject to the same pay structure, whereby they were compensated, in part, on a per-shift basis, earning between $20 and $35 per 6-hour shift." (Doc. No. 17 at 5).[3] Defendants point out that the current named plaintiffs and opt-ins include floor supervisors (non-tipped), and two security department employees who are paid on an hourly rate basis, with overtime (Declaration of Cynthia Kane, Doc. No. 24-2). None of the Affidavits provided by Plaintiffs set forth a job description, duties or any *factual* support for a conclusion that all of these disparate employees were similarly situated with respect to minimum wage or overtime policies. *See Rappaport v. Embarq Mgmt. Co.*, 2007 WL 4482581, *4-5 (M.D. Fla. Dec. 18, 2007) (denying request for preliminary certification based on affidavits which failed to include evidence of a company-wide policy of denying overtime compensation). On this record, Plaintiffs have not met their burden of justifying conditional certification under FLSA. It is therefore **respectfully recommended** that the motion be **denied without prejudice.**

---

[3]Plaintiffs have filed Affidavits purporting to be from casino dealers, stating that they were paid per shift plus an unspecified portion of the weeks tip pools (*e.g.,* Doc. Nos. 17-5).

| | |
|---|---|
| **MOTION:** | **MOTION FOR LEAVE TO FILE A REPLY TO RESPONSE TO MOTION FOR CLASS CERTIFICATION (Doc. No. 27)** |
| **FILED:** | **September 29, 2008** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED** without prejudice, in view of the above recommendations.

| | |
|---|---|
| **MOTION:** | **MOTION FOR LEAVE TO FILE A REPLY TO DEFENDANT'S RESPONSE TO MOTION FOR COLLECTIVE CERTIFICATION (Doc. No. 28)** |
| **FILED:** | **September 29, 2008** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED** without prejudice, in view of the above recommendations.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 20, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy