UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NANCY BUTLER-JONES, and HYWEL
JONES, NELSON I. DEL TORO, MEHMET
SAHIN, LINDA MEYERS, and WILLIAM
DAVIS,

     Plaintiffs,

v.                                  Case No.: 6:08-cv-01186-Orl-35DAB

STERLING CASINO LINES, L.P.,
SEXTANT STERLING I, INC., and
JOHN BREVICK, individually and All
Other Subsidiaries or Successors,

     Defendants.
_____/

ORDER

**THIS CAUSE** comes before the Court for consideration of (1) Plaintiffs' Motion for

Class Certification ("Class Cert. Motion") (Dkt. 4) and (2) Plaintiffs' Motion for Preliminary

Collective Certification and to Permit Court-Supervised Notice to Employees of Their Opt-in

Rights ("Collective Cert. Motion") (Dkt. 17).  On October 20, 2008, the United States

Magistrate Judge issued a Report and Recommendation (Dkt. 32) on both Motions,

recommending that (1) the Class Cert. Motion be granted, in part, and denied, in part, and (2)

the Collective Cert. Motion be denied without prejudice.  To date, no objections to the Report

and Recommendation have been filed, and the time for doing so has passed.

After conducting a careful and complete review of the findings and recommendations,

a district judge may accept, reject or modify the magistrate judge's report and

recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th

Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  A district judge "shall make a *de novo*

determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ., 896 F.2d 507, 512 (11th Cir.1990) (quoting H.R. 1609, 94th Cong. § 2 (1976)). Even in the absence of specific objections, there is no requirement that a district judge review factual findings de novo, Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions de novo, even in the absence of an objection. See Cooper-Houston v. Southern Ry., 37 F.3d 603, 604 (11th Cir. 1994).

**Count I - Motion to Certify Class (Dkt. 4)**

Plaintiffs moved the Court for a determination as to whether Plaintiffs' claims with respect to the Worker Adjustment and Retraining Notification Act of 1988, 29 U.S.C. §§ 2100, et. seq. ("WARN Act"), should be maintained as a class action under Fed. R. Civ. P. 23(b)(3). Defendants objected to the Class Cert. Motion on four grounds: (1) the inappropriateness of proceeding in a class action format while also proceeding on Count II as a collective action; (2) Plaintiffs' improper class definition; (3) Plaintiffs' failure to propose a proper notice and method of notification; and (4) Plaintiffs' unsupported request for restrictions on Defendants' ability to communicate with class members. Having fully reviewed the Report and Recommendation, the Court stays its consideration of whether this matter could proceed simultaneously as both a class and collective action. It not necessary to address whether proceeding in such manner is appropriate at this stage in the litigation. Similarly, while Local Rule 4.04(b) requires Plaintiffs to "suggest a means of providing, and

defraying the cost of, the notice required by Rule 23(c)(2), Fed.R.Civ.P.,"[1]  Plaintiffs are not required to propose a proper notice in their Motion for Class Cert.  The issue of proper notice may be addressed should it become necessary to the litigation and, at such time, be presented to the Court.  The Court therefore addresses only the remaining two objections raised by the Defendants.

Plaintiffs bear the burden of establishing the propriety of class certification, Busby v. JRHBW Realty, Inc., 513 F.3d 1314, 1321 (11th Cir. 2008), which they have failed to do. "Rule 23(a) contains an implicit requirement that the class be 'adequately defined and clearly ascertainable.'" Rink v. Cheminova, Inc., 203 F.R.D. 648, 659 (M.D. Fla. 2001)(citations omitted).  Plaintiffs' proposed class definition is inadequate and overly broad; the definition could potentially include individuals who were terminated for reasons not covered by the WARN Act.  Additionally, as part of their Class Cert. Motion, Plaintiffs requested that the Court restrict Defendants' ability to communicate with class members.  However, Plaintiffs failed to provide any legal or factual support for their request.  Therefore, Plaintiffs' Motion for Class Certification (Dkt. 4) is **DENIED without prejudice**.

**Count II - Motion to Certify Class for Preliminary Collective Certification and to Permit Court-Supervised Notice to Employees of Their Opt-In Rights (Dkt. 17)**

Upon consideration of the Report and Recommendation with regard to Plaintiffs' Motion for Preliminary Collective Certification and to Permit Court-Supervised Notice to Employees of Their Opt-in Rights (Dkt. 17), in conjunction with an independent examination of the file, the Court is of the opinion that the Report and Recommendation with regard to the Collective Cert. Motion should be adopted, confirmed, and approved in all respects.

---

[1]Plaintiffs satisfied this requirement, albeit in a footnote, on page 13 of their Motion for Class Cert.

Accordingly, Plaintiffs' Collective Cert. Motion is **DENIED without prejudice**.

Based on the foregoing, it is hereby **ORDERED** as follows:

1.   The Report and Recommendation with respect to Plaintiffs' Motion for Class Certification (Dkt. 4) is **CONFIRMED in Part**;

2.   The Report and Recommendation with respect to Plaintiffs' Motion for Preliminary Collective Certification and to Permit Court-Supervised Notice to Employees of Their Opt-in Rights (Dkt. 17) is **CONFIRMED** and **ADOPTED** as part of this Order;

3.   Plaintiffs' Motion for Class Certification (Dkt. 4) is **DENIED without prejudice**; and

4.   Plaintiff's Motion for Preliminary Collective Certification and to Permit Court-Supervised Notice to Employees of Their Opt-in Rights (Dkt. 17) is **DENIED without prejudice**.

**DONE AND ORDERED** in Orlando, Florida, on this ___ day of December, 2008.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record

-4-